UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TECRE CO., INC.,**
    **Plaintiff,**

    **v.**                                    Case No. 05C0290

**BUTTONPRO, INC.,**
    **Defendant.**

---

## DECISION AND ORDER

Plaintiff Tecre Co., Inc., a Wisconsin-based manufacturer of button-making machines, brings this patent infringement action against defendant, Buttonpro, Inc., an Idaho-based distributor of button-making kits. Plaintiff alleges that by using a duplicate of plaintiff's machine, defendant infringed U.S. Patent No. 6,038,944 (the "'944 patent"), entitled "Apparatus for Manufacturing Buttons," of which plaintiff is the assignee. Pursuant to Fed. R. Civ. P. 12(b)(2), defendant now moves to dismiss for lack of personal jurisdiction.

### I. FACTS

Plaintiff manufactures a machine that makes buttons of the type used in political campaigns. The machine compresses a button's components including the artwork, a protective transparent film and a domed shell into a button. Between 2001 and 2003, defendant purchased from plaintiff machines worth approximately $320,000 as well as related supplies. In 2001, defendant made approximately ninety-five purchases; in 2002, approximately 800; and in 2003, approximately 490. Plaintiff shipped the goods from Wisconsin to defendant in Idaho.

In 2002, defendant's representatives visited plaintiff's facility in Wisconsin and picked up equipment. In 2003, defendant's representative visited plaintiff's facility and picked up documents.

In late 2003, defendant fell behind on its payments to plaintiff. The parties exchanged several e-mails regarding the issue, in one of which defendant acknowledged that it had "done substantial business with you over the past few years." (Pl.'s Br. Ex. A.)

In March 2004, the parties entered into an agreement to resolve a portion of the payment dispute. Pursuant to the agreement, defendant shipped approximately $39,000 of inventory to plaintiff, and plaintiff refunded an equivalent amount of outstanding invoice amounts. However, defendant still had an outstanding balance of several thousand dollars, which balance remains.

In 2004 and 2005, defendant shipped machines to plaintiff so that plaintiff could perform warranty work on them. In 2004, a company closely associated with defendant sold at least one of defendant's button-making kits to a customer in Wisconsin.

Defendant regularly communicated with plaintiff by e-mail, phone, fax and mail.

Plaintiff alleges that at the end of 2003 or the beginning of 2004, defendant had a company in Idaho duplicate its machine and that defendant then infringed its patent by using the duplicate machine.

In April 2005, defendant asked plaintiff for a sales quotation regarding various pieces of button-making equipment.

## II. DISCUSSION

Whether a court has personal jurisdiction over a defendant in a patent case is determined according to the law of the Federal Circuit rather than of the regional circuit in

2

which the case arose because the jurisdictional question is "'intimately involved with the substance of the patent laws.'" Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001) (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). Plaintiff has the burden of proving personal jurisdiction and for purposes of determining the issue I take all of plaintiff's factual allegations that are not directly controverted as being true. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1563 (Fed. Cir. 1994). I may consider evidence so long as I resolve all factual disputes in plaintiff's favor. Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 933 (E.D. Wis. 2002).

In determining whether I have personal jurisdiction over a defendant I look first to Fed. R. Civ. P. 4(k). Rule 4(k) provides that even when the claim asserted is a federal one a federal court applies the relevant state statute to determine personal jurisdiction. Graphic Controls Corp. v. Utah Med. Prods., 149 F.3d 1382, 1385 n.2 (Fed. Cir. 1998). Thus, the question of whether I have personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether the forum state's long-arm statute, here, Wis. Stat. § 801.05, permits the exercise of personal jurisdiction and; (2) whether the assertion of personal jurisdiction violates due process. Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997). In applying the state long-arm statute, I defer to the interpretation of the statute by the state courts. Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). I construe the Wisconsin long-arm statute liberally in favor of exercising jurisdiction. Schroeder v. Raich, 89 Wis. 2d 588, 593 (1979). Further, the statute provides jurisdiction to the full extent permitted by due process. Wayne Pigment Corp., 220 F. Supp. 2d at 933.

3

Under § 801.05, personal jurisdiction over a non-resident defendant may either be specific or general. Specific jurisdiction exists when the cause of action arises out of or relates to the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.2 (1984). General jurisdiction exists when the litigation is not based on the defendant's contacts with the forum, but where the defendant engaged in continuous and systematic activities in the forum state. Id. at 404-16.

To exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id. (citing Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). As a general rule, I evaluate minimum contacts as of the time the cause of action arises rather than as of the time that the plaintiff filed the complaint. Tomar Elecs., Inc. v. Whelan Techs., Inc., 819 F. Supp. 871, 876 (D. Ariz. 1992). This rule prevents a defendant from escaping personal jurisdiction by removing itself from the forum after having inflicted damage on the plaintiff.

In the present case, plaintiff argues that I have both specific and general jurisdiction over defendant. It is appropriate to determine whether an action arises out of or is related to a defendant's forum contacts before assessing whether such contacts are systematic and continuous. Shephard Invs. Int'l v. Verizon Communications, Inc., 373 F. Supp. 2d 853, 861 (E.D. Wis. 2005). Therefore, I commence the analysis by addressing the question of specific jurisdiction.

Plaintiff argues that several sections of Wisconsin's long-arm statute confer specific jurisdiction. Plaintiff first cites Wis. Stat. § 801.05(4), which confers jurisdiction in an action "claiming injury . . . within this state arising out of an act . . . outside this state by the

4

defendant, provided in addition that at the time of the injury, either: (a) solicitation activities were carried on within this state by or on behalf of the defendant; or (b) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade." Plaintiff also relies on Wis. Stat. § 801.05(5), which confers jurisdiction in an action that: "(d) relates to goods . . . or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction" or "(e) relates to goods . . . or other things of value actually received by, the plaintiff in this state from the defendant . . . ."

I first consider whether § 801.05(4) confers jurisdiction and conclude that it does not. This is so because plaintiff does not claim an "injury . . . within" Wisconsin. In <u>Beverly Hills Fan Co.</u>, 21 F.3d at 1571, the Federal Circuit held that the injury from patent infringement is felt where the infringing sale is made rather than where the patentee resides. See also <u>N. Am. Philips v. Am. Vending Sales, Inc.</u>, 35 F.3d 1576, 1579 (Fed. Cir. 1994) (defining the rule further so that the injury of patent infringement occurs where the offending act of making, using or selling the infringing device or process occurs). Because the right to recover for patent infringement arises under federal law, in the present case, federal law defines the reach of the state long-arm statute. See <u>id.</u> Further, <u>Beverly Hills Fan</u> requires that even where a defendant has sufficient contacts with the forum state to satisfy due process, the particular requirements of the long-arm statute must still be satisfied. <u>Beverly Hills Fan</u>, 21 F.3d at 1569 n.23. In the present case, plaintiff does not allege that defendant sold or used the infringing machine in Wisconsin. Thus, plaintiff does not satisfy the requirement of § 801.05(4) that it allege an in-state injury and such section, therefore, does not confer personal jurisdiction over defendant.

5

Next, plaintiff argues that I have jurisdiction pursuant to § 801.05(5)(d). To meet the requirements of this section, plaintiff must allege that the action "relates to goods . . . or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." Plaintiff alleges that pursuant to defendant's order, it shipped patented button-making machines to defendant, that defendant had its machine duplicated and then infringed its patent by using the duplicate machine. Construing § 801.05(5)(d) liberally in favor of the exercise of jurisdiction, plaintiff's allegations satisfy its requirements. At defendant's direction, plaintiff shipped machines to defendant, and the infringement action relates to such machines because without them, defendant could not have duplicated plaintiff's machine and infringed its patent.

I turn next to whether I may exercise jurisdiction pursuant to § 801.05(5)(d) consistent with due process. As previously indicated, due process requires that the defendant have certain minimum contacts with the forum state. The purpose of the minimum contacts requirement is to ensure that non-residents have fair warning that a particular activity may subject them to litigation within a forum. Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985). Under Federal Circuit case law, in order to establish specific jurisdiction over an out-of-state defendant consistent with due process, a plaintiff must first show that the defendant purposefully directed activities at residents of the forum state, and second, that the cause of action arose out of or related to those activities. Akro Corp., 45 F.3d at 1545-47. If the plaintiff satisfies these requirements, the defendant may defeat jurisdiction by making a compelling showing that maintaining the case in the forum would be unreasonable. Id. at 1545-46.

6

A plaintiff may satisfy the "purposefully directed" requirement by showing that the defendant intentionally contacted a forum state resident. Id. at 1546-47. In the present case, plaintiff easily shows that defendant purposefully directed activities at Wisconsin residents. From 2001 to 2003, defendant ordered and purchased machines from plaintiff. In addition, defendant's representatives personally visited plaintiff. In 2004, defendant shipped substantial quantities of button-making equipment to plaintiff as part of its settlement of a debt to plaintiff. Throughout this period, defendant communicated with plaintiff by phone, fax, mail and e-mail. In 2004, through an intermediary, defendant sold a button-making kit to a Wisconsin consumer and shipped machines to plaintiff so that plaintiff could perform warranty work on them. In 2005, defendant asked plaintiff for a sales quotation regarding button-making equipment. Thus, there can be no doubt that defendant purposefully directed activities at Wisconsin residents.

I next ask whether plaintiff's infringement action "arise[s] out of or relate[s] to those activities." Id. at 1547 (quoting Burger King Corp., 471 U.S. at 472). The Supreme Court originated the arise out of or relate to prong of the due process inquiry in International Shoe. See Burnham v. Superior Court, 495 U.S. 604, 618 (1990). The Court observed that conducting activities in a state "may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state [requiring] the [defendant] to respond to a suit brought to enforce [those obligations] can, in most instances, hardly be said to be undue." Int'l Shoe, 362 U.S. at 319. This language has evolved into the present requirement that a cause of action must "arise from or relate to" the defendant's activities in the forum state. See Burnham, 495 U.S. at 618 (reaffirming requirement that cause of action "arise from or relate to" defendant's contacts with forum

7

Case 2:05-cv-00290-LA   Filed 09/09/05   Page 7 of 12   Document 12

state); see also Mark M. Maloney, Specific Personal Jurisdiction and the "Arise From Or Relate To" Requirement . . . What Does It Mean?, 50 Wash. & Lee L. Rev. 1265, 1276 n.83 (1993).

Courts have utilized a variety of tests for determining when a cause of action arises from or relates to a defendant's forum state contacts. A number of circuits apply a "but-for" test, which they may characterize as a "made possible by" test or "lie in the wake of" test. See DeLuxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1216 (7th Cir. 1984) (applying "lie in the wake of" test); In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 231 (6th Cir. 1972) (applying "made possible by" test). Under any name, however, the idea is that a cause of action arises from or relates to the defendant's forum state activities when but for those activities the cause of action would not have arisen. See Alexander v. Circus Circus Enter., Inc., 939 F.2d 847, 853 (9th Cir. 1991) (suggesting that courts should not limit their consideration to immediate "cause" of cause of action but rather should assess "entire course of events" leading up to plaintiff's cause of action). Therefore, if a plaintiff can trace the chain of events leading up to the cause of action and find that the defendant's activities contribute to this chain, the cause of action is said to arise from those activities for the purposes of determining personal jurisdiction. Maloney, supra, at 1277. The principal criticism of the but-for test is that it is potentially over-inclusive. To safeguard against overly inclusively applications, however, the but-for test may be modified slightly by incorporating a reasonableness inquiry within it; i.e., by asking at the minimum contacts stage whether the possibility of litigating in the forum state was was reasonably foreseeable to the defendant. Id. at 1298-99; see also Burger King, 471

U.S. at 474-75 (emphasizing importance of foreseeability of litigation in forum state in minimum contacts analysis).

The strictest test for determining whether a cause of action arises from or relates to a defendant's forum state contacts is the "substantive relevance" or "proximate cause" test under which defendant's contacts with the forum state must have substantive relevance to the cause of action, i.e., the forum contacts must be necessary to the proof of the cause of action. Id. at 1282-83; see also Merino v. Hyatt Corp., 793 F.2d 427, 430 (1st Cir. 1986). However, scholars have criticized this test as being overly restrictive and difficult to administer. See, e.g., Mary Twitchell, The Myth of General Jurisdiction, 101 Harv. L. Rev. 610, 643-81 (1988); see also Maloney, supra, at 1291-92.

A third approach is a sliding scale or balancing test – the more unrelated to the claim the contacts are, the greater the contacts' quality and quantity must be; the more related to the claim the contacts are, the lesser the quality and quantity must be. See Lawrence W. Moore, S.J., The Relatedness Problem in Specific Jurisdiction, 37 Idaho L. Rev. 583, 593 (2001); William M. Richman, Understanding Personal Jurisdiction, 25 Ariz. L. J. 599, 615 (1993); see also Vons Cos. v. Seabest Foods, Inc., 926 P.2d 1085, 1108 (Cal. 1996) (stating that the correct focus of specific jurisdiction is "whether the defendant's forum contacts and the plaintiff's claim are related sufficiently so that it is fair to subject the defendant to jurisdiction in the forum"). The problem with the sliding scale, however, is that it abandons or weakens the general-specific structure already well-integrated into the judicial system. Maloney, supra, at 1294-1300.

Scholars have suggested yet other theories of relatedness. See, e.g., Linda Sandstrom Simard, Meeting Expectations: Two Profiles of Specific Jurisdiction, 38 Ind. L.

9

Rev. 343, 384 (2005) (arguing that the purpose of specific jurisdiction is best achieved by creating two profiles of specific jurisdiction, episodic specific jurisdiction and systematic specific jurisdiction, both of which would recognize that the scope of specific jurisdiction should depend upon whether the defendant expects its forum conduct to be of a finite nature or whether the defendant intends to create an ongoing systematic relationship with the forum).

The Federal Circuit has not endorsed any particular test for determining whether a cause of action arises out of or relates to a defendant's forum contacts. However, as a practical matter, it has treated the standard as a relaxed one. See, e.g., Inamed Corp., 249 F.3d at 1362 (stating that by using disjunctive language, i.e., "arise from or relate to," the Supreme Court suggested flexibility and signaled a standard more relaxed than a pure "arise out of" standard) (citing Akro Corp., 45 F.3d at 1547); see also Lawrence A. Graham, The Personal Jurisdiction Effect of Notification of Infringement, 78 Pat. & Trademark Off. Soc'y 858, 862-63 (1998) (discussing statement in Akro Corp. that "the relationship test is relaxed").

Of the various tests that courts and commentators have discussed, the modified but-for test seems most consistent with the Federal Circuit's view that the standard is a relatively relaxed one. The modified but-for test also best reflects the fairness principle that is central to the concept of specific jurisdiction. See Int'l Shoe, 326 U.S. at 316. In determining how significant a part a defendant's forum state contacts must play in the cause of action, fairness is the guideline. See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinea, 456 U.S. 694, 702-03 (1982) (stating that due process is defined by the "fairness" rule of Int'l Shoe). The modified but-for test permits a court to be fair in virtually

10

Case 2:05-cv-00290-LA    Filed 09/09/05    Page 10 of 12    Document 12

all cases. In the absence of a but-for relationship, i.e., if the cause of action would have arisen absent the defendant's forum state contacts, a court may reasonably decline to exercise personal jurisdiction. Yet, the but-for test also enables a court to exercise specific jurisdiction over a defendant with non-substantively related contacts when the circumstances of the case suggest that it is appropriate to do so. Maloney, supra, at 1295.

Applying the modified but-for test to the facts of the present case, I conclude that plaintiff's infringement action is related to defendant's Wisconsin activities. Defendant's contacts with Wisconsin primarily involved its purchases of button-making machines from plaintiff. But for such purchases, defendant could not have had plaintiff's machine duplicated, and it could not have used the duplicate to infringe plaintiff's patent. Thus, defendant's forum contacts related directly to its alleged acts of infringement. Further, based on defendant's contacts involving its purchases of plaintiff's machines and its subsequent failure to pay for them, defendant could reasonably have foreseen that it would be subjected to litigation in Wisconsin.

As previously indicated, defendant may defeat jurisdiction by making a compelling showing that requiring it to litigate in the forum would be unreasonable either because it would be inconvenient or for some other reason. However, defendant does not argue that convenience factors make it unreasonable to subject it to suit in Wisconsin. See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987) (emphasizing that it is defendant's burden to make such a showing). Rather, defendant argues that I should not consider its purchases of plaintiff's machines in connection with the personal jurisdictional analysis because it terminated its relationship with plaintiff prior to plaintiff's filing suit. However, as previously stated, when examining personal jurisdiction, courts evaluate

defendants' forum contacts as of the time of the events underlying the dispute. Tomar Elecs., 819 F. Supp. at 876. In the present case, plaintiff alleges that defendant's infringing activity commenced in late 2003 or early 2004, soon after defendant had purchased machines from plaintiff. Thus, I reject defendant's argument that its forum contacts were too attenuated in time to allow for personal jurisdiction.

Thus, I may exercise personal jurisdiction over defendant pursuant to § 801.05(5)(d) consistent with due process. Therefore, I need not address plaintiff's arguments that I have specific jurisdiction over defendant under § 801.05(5)(e) or that I have general jurisdiction over defendant.

### III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss based on the absence of personal jurisdiction is **DENIED.**

Dated at Milwaukee, Wisconsin this 9 day of September, 2005.

/s_____
LYNN ADELMAN
District Judge

12

Case 2:05-cv-00290-LA    Filed 09/09/05    Page 12 of 12    Document 12